UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |  |
|---|---|---|
| TRANSCENDENT MARKETING & DEVELOPMENT LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | CV423-318 |
| C & C PROPERTY INVESTMENTS, LLC, *et al.*, | | |
| Defendant. | | |

# ORDER

Plaintiff moves to: (1) amend the Complaint, doc. 1; (2) dismiss Defendant C & C Property Investments, LLC ("Defendant C & C") without prejudice; (3) add C and C Property Investments, LLC ("C and C Property Investments") to this action; and (4) extend its deadline to serve Defendant Cory Galloway ("Defendant Galloway") and C and C Property Investments, should C and C Property Investments be added to the action. Doc. 17. While this motion is not expressly consented to and the deadline to file responses has not yet run, no defendants have appeared in this case. Defendant C & C has not appeared or filed an answer, *see generally* docket; Defendant Charles Marshall ("Defendant Marshall") is in default, *see* doc. 11; and Defendant Galloway has not yet been served,

1

s*ee* docs. 14, 15, & 16 (affidavits of non-service on Defendant Galloway). Furthermore, Plaintiff's deadline to serve Defendant Galloway is currently January 29, 2024. *See* Fed. R. Civ. P. 4(m); doc. 1. Defendant C & C's deadline to file an answer is February 1, 2024. *See* doc. 13. Resolution of the present motion will affect both deadlines. As such, the Court finds it appropriate to resolve this motion without delay. The Motion is **GRANTED IN PART** and **DENIED IN PART** as moot. Doc. 17.

Turning first to Plaintiff's request to amend the Complaint and to add C and C Property Investments as a party-defendant, the time to amend as a matter of course has passed. *See* Fed. R. Civ. P. 15(a)(1); doc. 1. Plaintiff must therefore proceed under Rule 15(a)(2),[1] which dictates that courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Several factors influence this determination,

---

[1] Under Rule 21 of the Federal Rules of Civil Procedure, "[on] motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The standard for deciding a motion for leave to file an amended complaint that adds or drops a party is "the same under either rule 15(a) or 21." *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1255 (11th Cir. 1998). Because the standard is the same under either rule and Plaintiff's proposed amended complaint, doc. 17-1, both adds and drops parties and includes an additional claim, the Court proceeds under Rule 15(a)(2). *Cf. Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (discussing Rule 15(a)'s applicability to the plaintiff's motion to amend the complaint to add a second defendant outside the scheduling order's prescribed time period rather than Rule 21's applicability).

2

including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . ., undue prejudice to the opposing party . . ., [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014). This is Plaintiff's first request to amend the Complaint, and its motion details the circumstances leading to the request to amend. Doc. 17 at 1-2. There is no suggestion of undue delay, bad faith, or dilatory motive on Plaintiff's part, nor any prior failures to cure deficiencies. The Court also finds that allowing Plaintiff to amend will not unduly prejudice the Defendants–including proposed party-defendant C and C Property Investments. There is also no reason at this time to believe amending the Complaint would be futile, as Plaintiff is attempting to cure its mistaken identification of a defendant.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to amend its Complaint and to name "C and C Property Investments, LLC" as a party-defendant. Doc. 17, in part. The Clerk is **DIRECTED** to **ENTER** Plaintiff's Amended & Recast Complaint. Doc. 17-1. The Amended Complaint is deemed filed as of the date of this Order. Plaintiff's Amended & Recast Complaint now governs this action.

*See Fritz v. Standard Sec. Life. Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("[A]n amended complaint supersedes the original complaint.").

The Court construes Plaintiff's request to dismiss "C & C Property Investments, LLC" as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i), since "C & C Property Investments, LLC" has not served an answer or a motion for summary judgment. The Eleventh Circuit has made it clear that "a plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon filing, and thus no further court order is necessary to effectuate the dismissal." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) (internal quotations, citation, and alterations omitted). Therefore, insofar as Plaintiff seeks to dismiss "C & C Property Investments, LLC," the voluntary dismissal was "effective immediately upon filing" and "C & C Property Investments, LLC" stands dismissed.[2] The motion seeking a Court order dismissing C&C Property Investments, LLC is **DISMISSED**

---

[2] The Eleventh Circuit has "held that a plaintiff can dismiss one defendant under Rule 41(a) 'even though the action against another defendant would remain pending.'" *Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023) (quoting *Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973)).

as moot. Doc. 17, in part. The Clerk is **DIRECTED** to update the docket to reflect Plaintiff's dismissal of "C & C Property Investments, LLC" and the addition of "C and C Property Investments, LLC" as a party defendant.

Finally, the Court finds that Plaintiff has demonstrated diligent efforts to serve Defendant Galloway, *see* doc. 17 at 5-6, and that good cause exists to extend the deadline to effect service. *Cf. Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that district courts may "extend the time for service of process even in the absence of a showing of good cause"). Therefore, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court **GRANTS** Plaintiff's request for an additional 90 days to effectuate service on Defendant Galloway. Doc. 17. Plaintiff is **DIRECTED** to serve Defendant Galloway and newly added Defendant C and C Property Investments no later than April 29, 2024.

**SO ORDERED**, this 29th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA