UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TRANSCENDENT MARKETING & DEVELOPMENT LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | CV423-318 |
| C and C PROPERTY INVESTMENTS, LLC, *et al.*, | | |
| Defendants. | | |

## ORDER

Plaintiff seeks an Order directing the United States Marshal to serve Defendant Charles Marshall with process. Doc. 28. Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal." "If the plaintiff is not authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 20 U.S.C. § 1916, 'Rule 4 leaves to the Court's discretion the decision as to whether appointing a U.S. Marshal to effectuate service . . . would be appropriate.'" *Bryant v. Publix Super Markets, Inc.*, 2020 WL 10066391, at *1 (N.D. Ga. Nov. 23, 2020) (quoting *Nappi v. Welcom Prods., Inc.*, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014)). "[T]he Advisory Committee

1

Notes state that appointment of the United States Marshal is generally proper when it is necessary to keep the peace . . . ." *Davis v. U.S. Installation Grp. Inc.*, 2012 WL 4511359, at *2 (S.D. Fla. Oct. 2, 2012); *see also* Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment ("If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service.").

Plaintiff explains that a private process server previously served Marshall in his capacity as registered agent for Defendant C and C Property Investments, LLC, and that "Marshall exhibited aggressive behavior and threaten[ed] the private process server's safety during service." *Id.* at 2-3. The proof of service completed by the process server reveals that "Mr. Marshall was belligerent and hostile." Doc. 23-1 at 2. According to the proof of service, after the process server "set the papers down in front of him," Marshall "charged out of the house with his dog trying to get the dog to bite" the process server. *Id.* Therefore, the company employing the process server declined Plaintiff's counsel's request to serve Marshall again, believing it would not be safe for their process servers to return. *See generally* doc. 28-1.

Based on Plaintiff's showing, including the narrative provided by the prior private process server in his proof of service, *see* doc. 23-1 at 2, the Court finds it appropriate to exercise its discretion to appoint the United States Marshal to effect service on Defendant Charles Marshall. In particular, it appears advisable for law enforcement to attempt service to keep the peace, given Marshall's prior aggression and hostility. Therefore, Plaintiff's Motion is **GRANTED**. Doc. 28. The United States Marshal is **DIRECTED**, subject to Plaintiff's tender of the appropriate fee, to serve a file-stamped copy of the Summons, doc. 27, and Amended and Recast Complaint, doc. 19-1, upon Defendant Charles Marshall. Plaintiff is responsible for preparing a USM 285 form and providing the Marshal with the documents necessary for service. Plaintiff also is responsible for payment of the Marshal's fee and any expenses incurred by the Marshal, and shall make appropriate arrangements for payment in accordance with the Marshal's policy.

**SO ORDERED**, this 25th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA