# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

TRANSCENDENT MARKETING &
DEVELOPMENT, LLC,

    Plaintiff,

    v.

C AND C PROPERTY INVESTMENTS,
LLC, CORY GALLOWAY,
individually and d/b/a C AND C
PROPERTY INVESTMENTS, and
CHARLES MARSHALL, individually
and d/b/a C AND C PROPERTY
INVESTMENTS,

    Defendants.

4:23-CV-318

## ORDER

Before the Court are Plaintiff Transcendent Marketing &
Development, LLC's motions for attorneys' fees. Dkt. Nos. 62, 67.
For the reasons set forth below, the Court **GRANTS with modification**
Plaintiff's motions.

## BACKGROUND

This Court previously granted Plaintiff's motions for default
judgment, holding that Plaintiff sufficiently established that
Defendants violated the Tennessee Consumer Protection Act ("TCPA")
and that the TCPA statutorily awards attorneys' fees under the
circumstances of this case. Dkt. No. 66 at 30 (citing Tenn. Code
§ 47-18-109(e)(1)). Thus, the Court now takes up Plaintiff's

motions for attorneys' fees and determines the reasonable amount to be awarded. <u>See</u> Fed. R. Civ. P. 54(d)(2).[1]

Plaintiff requests $65,501.29 in attorneys' fees: $54,171.00 for Plaintiff's Georgia-based counsel and $11,330.29[2] for its Tennessee-based counsel.[3] Dkt. Nos. 62, 67. Plaintiff also seeks $312.28 in litigation expenses for travel and lodging associated with the June 11, 2024 hearing held in Brunswick, Georgia. Dkt. No. 62. Defendants have made no appearance in this action and have filed no response to the motions.

## LEGAL STANDARD

The TCPA provides that "[u]pon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action *reasonable* attorney's fees and costs." Tenn. Code § 47-18-109(e)(1) (emphasis added). In ruling on a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2), "the district court has wide discretion in

---

[1] The Court, sitting in diversity, evaluates the availability of fees under Tennessee law but the reasonableness of the fee request under federal law. <u>See</u> <u>Columbus Mills, Inc. v. Freeland</u>, 918 F.2d 1575, 1577 (11th Cir. 1990) (noting that, in diversity cases, state law "controls both the questions of the availability of attorneys' fees and the standards to determine when the attorneys' fees should be awarded" and applying federal standards for determining reasonableness).

[2] According to the attached bill summary, $29.79 of the $11,330.29 figure are expenses for postage and copies. Dkt. No. 67 at 10–11.

[3] The Court identifies the two separate law firms by their locations in Georgia and Tennessee. As discussed below, the relevant legal market for the calculation of attorneys' fees is Savannah, Georgia. <u>See</u> <u>infra</u> Section I.

exercising its judgment on the appropriate fee." <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1304 (11th Cir. 1988). The Court "must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." <u>Id.</u> (citing <u>Adams v. Mathis</u>, 752 F.2d 553, 554 (11th Cir. 1985)). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because 'there is no precise rule or formula for making these determinations.'" <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983)).

"The starting point for determining the amount of a 'reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (quoting <u>Hensley</u>, 461 U.S. at 433). "The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." <u>Id.</u> (citing <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565–66 (1986)). In this District, the fee applicant must "file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation." S.D. Ga. L.R. 54.2(c).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to

3

consider the [twelve _Johnson_] factors." _Bivins_, 548 F.3d at 1350

(citing _Johnson v. Ga. Highway Express, Inc._, 488 F.2d 714, 717–

19 (5th Cir. 1974)).[4] The _Johnson_ factors are:

> (1) the time and labor required; (2) the novelty and
> difficulty of the questions; (3) the skill requisite to
> perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the
> case; (5) the customary fee; (6) whether the fee is fixed
> or contingent; (7) time limitations imposed by the
> client or the circumstances; (8) the amount involved and
> the results obtained; (9) the experience, reputation,
> and ability of the attorneys; (10) the 'undesirability'
> of the case; (11) the nature and length of the
> professional relationship with the client; and (12)
> awards in similar cases.

_Id._ at 1350 n.2; _Hensley_, 461 U.S. at 430 n.2 (citing the _Johnson_

factors). "The _Johnson_ factors may be relevant in adjusting the

lodestar amount, but no one factor is a substitute for multiplying

reasonable billing rates by a reasonable estimation of the number

of hours expended on the litigation." _Blanchard v. Bergeron_, 489

U.S. 87, 94 (1989).

### DISCUSSION

The Court now assesses the reasonableness of the fees

requested, taking the two figures of the lodestar in turn.

### I.  **Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in

---

[4] _Bonner v. City of Prichard_, 661 F.2d 1206, 1209 (11th Cir. 1981)
(en banc) (adopting as binding precedent all decisions of the
former Fifth Circuit handed down prior to close of business on
September 30, 1981).

the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. Importantly, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (quoting Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Id. Plaintiff has made no such showing, and the "relevant legal community" is the district in which this case was brought, the Southern District of Georgia, Savannah Division. See Norman, 836 F.2d at 1299.

"In evaluating comparability of market rates," the court considers the Johnson factors; particularly relevant are "the nature and length of the professional relationship with the client and the customary fee for similar work in the community." Gowen Oil Co. v. Abraham, 511 F. App'x 930, 935 (11th Cir. 2013) (citing Norman, 836 F.2d at 1299-1300). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." Norman, 836 F.2d at 1299. Further, the rate an attorney ordinarily charges "is powerful, and perhaps the best, evidence of his market rate." Dillard v. City of

Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000).

Plaintiff's Georgia-based counsel submits two affidavits in support of this calculation of fees. Dkt. Nos. 62-1, 62-2. In addition to an affidavit from one of Plaintiff's attorneys, Justin Guthrie,[5] Plaintiff also presents an affidavit from "a civil litigation attorney who is not affiliated with [Georgia-based counsel's law firm], but who also regularly practices in the Glynn and Chatham County, Georgia areas." Dkt. Nos. 62 at 9, 62-2 ¶ 4. This attorney attests that the rates charged in this case are the same as standard hourly rates "customarily charge[d] to clients in similar civil litigation matters." Dkt. No. 62-2 ¶ 5.

Plaintiff's Tennessee-based counsel also submits two affidavits: one from Plaintiff's attorney himself, Matthew Grossman,[6] and one from an experienced civil litigator from

---

[5] Attached to Guthrie's affidavit are bills to support the following calculation:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Christopher R. Jordan (Attorney) | 45.8 | $350 | $16,030.00 |
| Justin Guthrie (Attorney) | 106.3 | $285 | $30,295.50 |
| Jennifer Peel (Paralegal) | 13.7 | $230 | $3,151.00 |
| Pam Smith (Paralegal) | 19.8 | $210 | $4,158.00 |
| Alana Reeves (Paralegal) | 2.1 | $165 | $346.50 |
| Heather McGraw (eDiscovery Technician) | 1.6 | $140 | $224.00 |
| **Initial Lodestar** | | | $54,205.00 |

Dkt. No. 62-1 at 6-97.

[6] Attached to Grossman's affidavit is a timekeeping summary to support the following calculation:

Knoxville, Tennessee. Dkt. No. 67. The second affidavit asserts that the rates are "reasonable in the East Tennessee region," but East Tennessee is not "the relevant market" because it is not "the place where the case [was] filed." Dkt. No. 67 at 13 ¶ 9; Barnes, 168 F.3d at 437 (internal quotation marks omitted).

Nevertheless, this is immaterial because the Tennessee-based attorneys seek an hourly rate lower than that of the seniormost Georgia-based attorney with similar experience. Compare Dkt. No. 62-2 at 3 with Dkt. No. 67 at 13. In other words, if Georgia-based counsel's higher rate is reasonable for comparably skilled and experienced lawyers in the Southern District of Georgia, then Tennessee-based counsel's lower hourly rate is reasonable, as well. Even so, the Court appreciates the affidavit from the experienced Tennessee lawyer unaffiliated with Plaintiff; his evaluation of the fees based on "similar civil litigation matters" and "the issues presented in this matter" speak to the complexity and novelty of the substantive legal issues in this case, which

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| James E. Wagner (Attorney) | 16.9 | $325 | $5,492.50 |
| Richard Scrugham (Attorney) | 4.2 | $325 | $1,365.00 |
| Matthew A. Grossman (Attorney) | 14.2 | $325 | $4,615.00 |
| Jessica Bailey (Paralegal) | 0.3 | $120 | $36.00 |
| Elizabeth M. Lambert (Paralegal) | 0.2 | $120 | $24.00 |
| **Initial Lodestar** | | | $11,532.50 |

Dkt. No. 67 at 5–11.

arise under Tennessee law. Dkt. No. 67 at 13 ¶¶ 5, 10.

**A. Senior Lawyers' Hourly Rates**

Plaintiff seeks an hourly rate of $350 for the seniormost Georgia-based attorney with twenty-one years of experience. Dkt. No. 62-2 at 3 ¶ 5. Plaintiff seeks an hourly rate of $325 for all three Tennessee-based attorneys who have (1) thirty-nine years of practice, (2) twenty-three years of practice, and (3) twenty-one years of practice, respectively. Dkt. No. 67 at 13 ¶ 5.

A review of the rates deemed reasonable in the Southern District of Georgia—particularly the Savannah market—reveals that a $350 hourly rate is at the high end, but still within the range, of the prevailing market. See, e.g., Patel v. Om Janie, LLC, No. 7:22-CV-118, 2024 WL 150073, at *3 (M.D. Ga. Jan. 12, 2024) (finding "$350 hourly rate reasonable in Savannah, Georgia" market for local counsel, reducing the hourly rate of Atlanta-based attorney with eleven years of experience from $390 to $350, and reducing Atlanta-based attorney with the greatest "experience, time practicing, and expertise" from $435 to $390); Munoz v. Diaz, No. 4:22-cv-9, 2023 WL 139732, at *7 (S.D. Ga. Jan. 9, 2023) (finding hourly rate of $375 and $325 for experienced law firm partners to be reasonable for Savannah market); Rishmawy v. Vergara, No. 4:21-cv-35, 2022 WL 22893118, at *7 (S.D. Ga. Mar. 8, 2022) (approving hourly rate of $350 for experienced founding partner but reducing other partners' rates to $300 in "the absence

8

of any assertion" of extensive specialized experience with the particular type of case); <u>Weaver v. Coastal Autism Therapy Ctr.</u>, No. 4:20-cv-230, 2021 WL 5541943, at *2–3 (S.D. Ga. Jan. 25, 2021) (finding a $400 hourly rate exceeds the reasonable rate in Savannah and denying motion for settlement approval); <u>Kennedy v. R.V. Corp.</u>, No. CV 2:19-092, 2021 WL 744160, at *4 (S.D. Ga. Feb. 25, 2021) (finding that "$350 per hour is a reasonable hourly rate for Plaintiff's counsel [rather than the requested $400 hourly rate] in the Southern District of Georgia"); <u>Milie v. City of Savannah</u>, No. 4:18-cv-117, 2020 WL 4041118, at *5 (S.D. Ga. July 16, 2020) (reducing hourly rate from $350 to $300 in the Savannah market for an attorney with thirty years of civil litigation experience); <u>DirectTV, Ltd. Liab. Co. v. Panacea of the Islands, Inc.</u>, No. 4:13-cv-110, 2017 WL 1652574, at *6 (S.D. Ga. Apr. 28, 2017) (finding an hourly rate of $300 reasonable for Savannah market); <u>Del Rosario v. King & Prince Seafood Corp.</u>, No. 2:04-cv-036, 2010 WL 11519378, at *6 (S.D. Ga. July 15, 2010) (holding an hourly rate of $300 reasonable for a complex case in the Southern District for work performed as early as 2004); <u>see also</u> <u>Gowen Oil Co. v. Abraham</u>, No. 210-cv-157, 2012 WL 1098568, at *5 n.12 (S.D. Ga. Mar. 30, 2012) (capping Brunswick market rates at $375 per hour but, ultimately, concluding that using Brunswick rates would result in an increase in the contested, requested amount), <u>aff'd</u> 511 F. App'x at 936; <u>Zediker v. OrthoGeorgia</u>, 857 F. App'x 600, 609–10 (11th

Cir. 2021) (holding a $750 hourly rate was reasonable in the Middle District of Georgia while noting "Savannah partners involved in this matter charge[d] rates between $620 and $625"). Thus, the Court finds $350 per hour is the prevailing market rate for highly-skilled, experienced, and respected lawyers in the Savannah legal community.

The Court is unaware of any TCPA cases in the Savannah market, but other courts awarding fees under the Tennessee statute have approved similar rates. Systematic Power Sols., LLC v. Fullriver Battery Mfr. Co., Ltd., No. 3:19-CV-277, 2023 WL 6518861, at *24 (E.D. Tenn. Aug. 18, 2023) (noting that "$355 per hour is relevantly high" for the Eastern District of Tennessee, but nevertheless awarding that rate for the most experienced attorney in a TCPA and Lanham Act action on default judgment because the junior associate's billable time brought the "weighted average hourly rate" down to $293.59), report and recommendation adopted by 2023 WL 5938187 (Sept. 12, 2023); BKB Props. v. SunTrust Bank, No. 3:08-CV-00529, 2010 WL 200750, at *8 (M.D. Tenn. Jan. 13, 2010) (finding an hourly rate of $380 and $330 reasonable in an action for breach of contract, fraud, and violation of the TCPA), aff'd sub nom., 453 F. App'x 582 (6th Cir. 2011).[7]

---

[7] The Sixth Circuit also uses the Johnson factors to calculate a reasonable fee award. BKB Properties, 2010 WL 200750, at *7 (Although the case originated as a TCPA action, the entitlement to fees arose out of an attorneys' fees provision in the contract

The Court finds that a $350 hourly rate for the seniormost Georgia-based counsel and $325 hourly rate for the experienced Tennessee-based counsel is reasonable. The Court bases this finding on (1) the labor-intensive and time-consuming service required in this case, <u>see</u> dkt. no. 62 at 2–7 (detailing the extreme difficulty experienced to properly serve Defendants), (2) the novelty and difficulty of the questions arising under the TCPA and the contract interpretation involved, <u>see</u> dkt. no. 66 (ruling on default judgment), (3) the lengthy experience of each senior attorney exceeding twenty years, <u>see</u> dkt. nos. 62-2 at 3 ¶ 5, 67 at 13 ¶ 5, and (4) the strength of the professional relationship with the client from the very beginning of this case to the end, <u>see</u> dkt. no. 67 at 9 (documenting the attorney-client conversation upon the initial discovery of the TCPA violation in March 2023).

**B. Junior Lawyer's Hourly Rate**

Next, Plaintiff seeks an hourly rate of $285 for the Georgia-based attorney with seven years of experience. Dkt. No. 62-1 at 3 ¶ 5. The Court finds that this attorney's seven years of experience as well as his skill and expertise exhibited in this case through the motions for default judgment and oral argument warrant a reasonable hourly rate of $285. <u>See generally</u> Dkt. No. 62-1

---

after the TCPA count was dismissed. Nevertheless, the TCPA dimension of the case goes to the time and labor required, the novel and difficulty of the issues, and the skills required by counsel).

(detailing attorney Guthrie's work in this case); see also Munoz, 2023 WL 139732, at *7 (finding associate hourly rate of $250 reasonable where she had "four years of experience" and specifically "prior experience handling this specific type of case"); Milie, 2020 WL 4041118, at *5 (reducing associate's rate from $275 to $225 in Savannah market where the case was "not overly complicated"). The Court also considers the unique nature of this case, particularly the onerous process of effectuating service, and the relatively robust issues arising from the interpretation of the contract and the application of the TCPA. Dkt. Nos. 62 at 2–7, 66. Thus, the Court finds the $285 hourly rate reasonable for the Savannah market.

### C. Paralegals' Hourly Rates

Lastly, Plaintiff seeks an hourly rate ranging from $120 to $230 for five paralegals and $140 for one eDiscovery technician. Dkt. Nos. 62-2 at 3 ¶ 5, 67 at 13 ¶ 5. Generally, "paralegal time is recoverable as part of an "'award for attorney's fees and expenses, but *only to the extent that the paralegal performs work traditionally done by an attorney*.'" Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990) (emphasis in original) (alterations adopted) (quoting Allen v. United States Steel Corp., 665 F.2d 689, 697

(5th Cir. Unit B 1982)).[8] Rather than explain how the time expended by the six staff members—five paralegals and one eDiscovery technician—amounts to work traditionally performed by an attorney, Plaintiff simply attaches the bills and bill summary.

The Court's survey of the rates deemed reasonable in the Savannah area uncovers a much lower prevailing market rate for paralegals than requested. See, e.g., Patel, 2024 WL 150073, at *3 (holding a "$170 hourly rate *far* exceeds the reasonable market rate for experienced paralegals in Savannah" (emphasis added)); Milie, 2020 WL 4041118, at *6 (reducing hourly rate from $125 to $95 in the Savannah market for paralegals where plaintiffs failed to show the paralegal possessed "extraordinary qualifications or expertise"); Munoz, 2023 WL 139732, at *3, 7 (holding "the requested rates for all paralegals [ranging from $115 to $205 hourly] are too high for the Savannah market" and capping hourly rate at $150 for the paralegal with twelve years of experience); Rishmawy, 2022 WL 22893118, at *8 (reducing all paralegals' rates, with the most senior paralegal capped at a reasonable hourly rate

---

[8] While the TCPA does not define attorneys' fees to include paralegals' time, courts have awarded paralegal time under the TCPA. See Larango v. Wolfe, No. 3:15-CV-352, 2016 WL 7383786, at *2 (E.D. Tenn. Nov. 17, 2016) report and recommendation adopted by 2016 WL 7383738 (Dec. 20, 2016); In re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231, 240 (D. Del. 2002) (awarding paralegal fees in class action settlement arising out of "violations of the antitrust laws of sixteen jurisdictions as well as the Tennessee Consumer Protection Act").

of $100); <u>Martin v. Kijakazi</u>, No. 4:19-cv-340, 2022 WL 1572253, at

*2 (S.D. Ga. Apr. 27, 2022) (finding "$75 is a reasonable hourly

rate" for paralegals). The Court also notes that Plaintiff provided

no details about any of these staff members' expertise or

experience. <u>See</u> <u>United States v. Patrol Servs., Inc.</u>, 202 F. App'x

357, 363 (11th Cir. 2006) (affirming the denial of paralegal fees

where the plaintiff did not include paralegal's qualifications in

the affidavit in support of fees). Accordingly, the Court reduces

all paralegal staff's hourly rate to $100 to best align with the

Savannah market and account for the Court's inability to assess

the paralegal staff's relative experience.

## II. Hours Expended

Next, the Court determines whether the number of hours

expended is reasonable. "[T]he measure of reasonable hours is

determined by the profession's judgment of the time that may be

conscionably billed and not the least time in which it might

theoretically have been done." <u>Norman</u>, 836 F.2d at 1306. The Court

should exclude hours found to be "excessive, redundant, or

otherwise unnecessary." <u>Resolution Trust Corp. v. Hallmark</u>

<u>Builders Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). "If the court

disallows hours, it must explain which hours are disallowed and

show why an award of these hours would be improper." <u>Norman</u>, 836

F.2d at 1304 (citing <u>Hill v. Seaboard Coast Line R. Co.</u>, 767 F.2d

771, 775 (11th Cir. 1985); <u>Fitzpatrick v. IRS</u>, 665 F.2d 327, 332-

33 (11th Cir. 1982)).

In general, courts disallow hours for "purely clerical or secretarial tasks." Missouri v. Jenkins, 491 U.S. 274, 288 (1989); see also Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas Co., 278 F. Supp. 2d 1301, 1321 (M.D. Fla. 2003). Courts also exclude hours supported by time entries that "indicate a lack of proper billing judgment." Barnes, 168 F.3d at 428. For example, excessive block billing and overly vague time entries "prevent the Court from being able to calculate with any precision the number of hours [an attorney] devoted to a particular task." N.S. v. Comm'r of Soc. Sec., 742 F. Supp. 3d 1338, 1348 (M.D. Ga. 2024) (internal quotation marks and citation omitted).

Fee opponents have an obligation to make "specific and reasonably precise" objections to the hours they wish to exclude. Barnes, 168 F.3d at 428. Generally, "a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal." Scelta v. Delicatessen Support Servs., 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (emphasis added) (citing Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997)). Nevertheless, and notwithstanding Defendants' default, Plaintiff must still meet its burden to document the appropriate hours for which it is entitled to fees. Norman, 836 F.2d at 1303; see also Barnes, 168 F.3d at 429 (The Eleventh Circuit's "decisions contemplate a task-by-task

15

examination of the hours billed."); Primerica Life Ins. Co. v. Guerra, No. 16-22330-CIV, 2017 WL 5713927, at *3 n.5 (S.D. Fla. Sep. 5, 2017) ("A plaintiff who prevails on a default judgment and who is entitled to recover attorneys' fees *certainly* is not entitled to a windfall award of attorneys' fees, simply because they are uncontested." (emphasis added)), report and recommendation modified and adopted by 2017 WL 5668045 (Sept. 21, 2017). Thus, the Court reviews the billing entries to determine if any hours should be excluded as excessive, redundant, or unnecessary.

Upon thorough review of each time entry, the Court finds the following entries are clerical in nature: (1) May 6, 2024, entry by paralegal Smith for revising and e-filing the motion for clerk's entry of default for 0.7 hours, dkt. no. 62-1 at 51, (2) May 22, 2024, entry by paralegal Smith for finalizing and e-filing a motion for leave of absence for 0.3 hours, id. at 52, (3) June 7, 2024, entry by paralegal Smith for finalizing and e-filing an amended motion for leave of absence for 0.3 hours, id. at 58, (4) January 17, 2025, entry by paralegal Smith for finalizing and e-filing a motion for entry of default for 0.2 hours, id. at 93, and (5) January 31, 2025, entry by paralegal Reeves for revising and e-filing the motion for default judgment for 0.4 hours, id. at 94. See, e.g., Milie, 2020 WL 4041118, at *9 (collecting cases reducing hours for e-filing documents). The Court finds the remainder of

the paralegal staff's time in this case supported by entries relating to discovery review as well as the legal issues and intense fact investigation to locate and serve Defendants in this case. See generally Dkt. Nos. 62-1, 67.

Lastly, both Georgia-based attorneys made time entries for communications regarding scheduling the hearing before this Court: (1) 0.1 hours for attorney Guthrie on December 2, 2024, and (2) 0.3 hours for attorney Jordan on December 5, 2024. Dkt. No. 62-1 at 89. The Court finds it appropriate to exclude the hours underlying these two entries because scheduling is also a "secretarial" task. See, e.g., Milie, 2020 WL 4041118, at *9; B & F Sys., Inc. v. LeBlanc, No. 7:07-CV-192, 2012 WL 2529191, at *10 (M.D. Ga. June 29, 2012) (specifically excluding time for scheduling communications with "the undersigned's chambers"), aff'd, 519 F. App'x 537 (11th Cir. 2013).

With these few exclusions, the Court finds the hours expended are reasonable for this case. Plaintiff's counsel proactively wrote-off inevitably duplicative hours; this indicates proper billing judgment. Dkt. No. 62-2 at 3 (noting that "23.5 hours have been written off, resulting in a reduction of $4,804.50"). The Court also considers that Plaintiff's request is lower than the initial lodestar calculation. See Dkt. Nos. 62, 67. Simply put, Plaintiff is not seeking a windfall lumpsum of fees in Defendants' absence. See Hensley, 461 U.S. at 444 (Brennan, J., concurring in

17

part) (noting the U.S. Supreme Court in Hensley "emphasize[d] those aspects of judicial discretion necessary to prevent 'windfalls'" for attorneys in excessive fee awards). Thus, the Court concludes the hours billed for this case, subject to the few reductions, reflect "consciably billed" time and professional billing judgment. Norman, 836 F.2d at 1306.

### III. Final Fees Calculation

The eighth Johnson factor—the amount involved and the results obtained—weighs on the Court in this case. The Court finds that Plaintiff's counsel diligently pursued this action and provided excellent representation despite Defendants' evasion; when a plaintiff prevails in a "consumer protection claim, his counsel will ordinarily be entitled to full compensation for time and effort expended in the representation." Keith v. Howerton, 165 S.W.3d 248, 252 (Tenn. Ct. App. 2004) (citing Hensley, 461 U.S. at 435). The Court also considers the other Johnson factors, including but not limited to the time and labor required for this case, the novelty and difficulty of the legal questions, the skill requisite to litigate this case, the experience, reputation, and ability of the attorneys, the nature and length of the professional relationship with the client, and awards in similarly complex cases. See Bivins, 548 F.3d at 1350.

In summary, the Court finds it appropriate to impose an "across-the-board" reduction in the paralegal staff's hourly fee

to $100 per hour in the absence of explanation of their rates, such as years of experience or any specialized qualifications. See Bivins, 548 F.3d at 1350 (approving "across-the-board" reduction). The Court does so, in part, to be consistent with courts in this District. E.g., Milie, 2020 WL 4041118, at *6 (reducing hourly rate for seven paralegals where the plaintiffs "fail[ed] to present any evidence as to the respective levels of experience"). The Court also finds seven time entries to relate to non-billable clerical tasks and reduces the time billed by 2.4 hours.

Based on the resulting calculation, the Court awards Plaintiff $61,022.50 in reasonable attorneys' fees: $49,722.00 for Plaintiff's Georgia-based counsel[9] and $11,300.50 for its Tennessee-based counsel.[10]

---

[9] The calculation for Georgia-based counsel is as follows:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Christopher R. Jordan (Attorney) | 45.5 | $350 | $15,925.00 |
| Justin Guthrie (Attorney) | 106.2 | $285 | $30,267.00 |
| Jennifer Peel (Paralegal) | 13.7 | $100 | $1,370.00 |
| Pam Smith (Paralegal) | 18.3 | $100 | $1,830.00 |
| Alana Reeves (Paralegal) | 1.7 | $100 | $170.00 |
| Heather McGraw (eDiscovery Technician) | 1.6 | $100 | $160.00 |
| **Total Reasonable Fees** | | | $49,722.00 |

[10] The calculation for Tennessee-based counsel is as follows:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| James E. Wagner (Attorney) | 16.9 | $325 | $5,492.50 |
| Richard Scrugham (Attorney) | 4.2 | $325 | $1,365.00 |

## IV.  Reasonable Litigation Expenses[11]

Finally, Georgia-based counsel seeks $312.28 in litigation expenses for travel and lodging associated with the June 11, 2024, hearing held in Brunswick, Georgia. Dkt. No. 62 at 9. Tennessee-based counsel seeks $29.79 for postage and copies. Dkt. No. 67 at 11.

Plaintiff does not explain why such expenses would be awardable under the TCPA. The TCPA does not explicitly define attorneys' fees to include litigation expenses. Compare, for example, an attorneys' fees provision awarding "a reasonable attorney's fee, including litigation expenses, and costs," 42 U.S.C. § 12205, with the TCPA awarding "reasonable attorney's fees

| | | | |
|---|---|---|---|
| Matthew A. Grossman (Attorney) | 14.2 | $325 | $4,615.00 |
| Jessica Bailey (Paralegal) | 0.3 | $100 | $30.00 |
| Elizabeth M. Lambert (Paralegal) | 0.2 | $100 | $20.00 |
| **Total Reasonable Fees** | | | $11,522.50 |

Because the calculation results in a figure higher than Plaintiff's requested amount, the Court grants Plaintiff's request for fees of $11,300.50 in full, exclusive of the $29.79 in expenses discussed herein. See infra Section IV; see also Gowen Oil Co., 2012 WL 1098568, at *4 (granting the requested amount even where the calculation showed the fees were "reasonable based on the circumstances of this case, even before the discounts" because the requested amount accounts for discounts and other write-offs provided to the client), aff'd, 511 F. App'x at 936.

[11] Litigation expenses, calculated with the award of attorneys' fees, are not synonymous with costs. Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997) (citing Moore's Fed. Prac. § 54.103); see also Dkt. No. 62 at 9 n.4 (separate motion for costs pursuant to Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, and S.D. Ga. L.R. 54.1 forthcoming).

and costs." Tenn. Code § 47-18-109(e)(1).

Because travel expenses are not allowable costs under Tennessee law, the Tennessee legislature must have intended to include reasonable litigation expenses within the meaning of reasonable attorneys' fees for the Court to grant Plaintiff's award. Tenn. R. Civ. P. 54.04(2). In Dowdell v. City of Apopka, the Eleventh Circuit interpreted the legislative history of the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, to conclude "[r]easonable attorneys' fees under the Act *must* include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation." 698 F.2d 1181, 1189-90 (11th Cir. 1983) (emphasis added). Interpreting the same provision, "Tennessee courts have consistently held that the policy rationale underpinning the civil rights statutes' fee shifting provisions are likewise applicable to cases arising under the Consumer Protection Act." Keith, 165 S.W.3d at 251 (noting that "[t]he genesis of the reported state and federal case law regarding shifting attorneys' fees arises from the Civil Rights Attorney's Fees Awards Act of 1976 and 1988, 42 U.S.C. § 1988(b)").

Moreover, the Eleventh Circuit interprets attorneys' fee provisions "consistently" when the fee-shifting statute uses the same language. Evans v. Books-A-Million, 762 F.3d 1288, 1299 (11th Cir. 2014). "Indeed, the Supreme Court has held that fee shifting

statutes with language similar to § 1988 should be interpreted like § 1988." Id. (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)). Thus, because the TCPA's cost-shifting provision mirrors § 1988, the Court holds that the "reasonable attorney's fees" include reasonable litigation expenses under the TCPA. See Tenn. Code § 47-18-109(e)(1); Keith, 165 S.W.3d at 253 (embracing the rationale of City of Riverside v. Rivera, 477 U.S. 561, 576-78 (1986), § 1988 civil rights case, and analyzing "the amount of fees and *expenses* to award" under the TCPA (emphasis added) (citations omitted)); 24HR Home Buyers, LLC v. Roberts, No. E2023-00626-COA-R3-CV, 2024 WL 4156715, at *12 (Tenn. Ct. App. Sep. 12, 2024) (affirming judgment awarding fees and expenses under the TCPA).

Having found Plaintiff is entitled to litigation expenses under the TCPA, the Court evaluates the reasonableness of those expenses. It is well-settled that expenses for postage, photocopying, and travel may be awarded "within the reasonable attorney's fee." See, e.g., Cappeletti Bros., Inc. v. Broward Cnty., 754 F. Supp. 197, 198 (S.D. Fla. 1991); Dowdell, 698 F.2d at 1190 n.13; see also Northcross v. Bd. of Educ., Memphis City Schs., 611 F.2d 624, 639 (6th Cir. 1979) ("Reasonable photocopying, paralegal expenses, and travel" are recoverable litigation expenses.). The Court finds the requested expenses were "reasonably incurred in the course of case preparation,

settlement, or litigation." <u>Evans</u>, 762 F.3d at 1299; <u>see also</u> Dkt. Nos. 41, 62 at 9-10, 67 at 10-11 (documenting expenses in this litigation). The Court finds no reason to conclude that these expenses are excessive or unreasonable. Thus, the Court grants Plaintiff's request for litigation expenses in full.

CONCLUSION

For the reasons stated above, Plaintiff's motions for attorneys' fees, dkt. nos. 62, 67, are **GRANTED with modification**. Defendants are hereby **ORDERED** to pay Plaintiff $61,022.50 in attorneys' fees. This amount consists of (1) $49,722.00 for Plaintiff's Georgia-based counsel, Hunter Maclean, and (2) $11,300.50 for its Tennessee-based counsel, Frantz, McConnell, & Seymour, LLP. Defendants are also **ORDERED** to pay Plaintiff $342.07 in litigation expenses: (1) $312.28 to Georgia-based counsel for travel and (2) $29.79 to Tennessee-based counsel for reasonable copying expenses.

**SO ORDERED**, this 17th day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA